MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
Sarah Zenewicz, Bar No. 258068
One Market
Spear Street Tower
San Francisco, CA  94105-1596
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001
eric.meckley@morganlewis.com
sarah.zenewicz@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Grace Johnson, Bar No. 348394
1400 Page Mill Road
Palo Alto, CA  94304
Tel:   +1.650.843.4000
Fax:   +1.650.843.4001
grace.johnson@morganlewis.com

Attorneys for Defendants
ARAMARK UNIFORM & CAREER
APPAREL, LLC; ARAMARK UNIFORM &
CAREER APPAREL GROUP, INC.; and
VARDAN KETSOYAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEYRAN AVETISYAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ARAMARK UNIFORM & CAREER APPAREL, LLC, a limited liability company; ARAMARK UNIFORM & CAREER APPAREL GROUP, INC., a corporation; VARDAN KETSOYAN, an individual; and DOES 1-100, inclusive.<br><br>Defendants. | Case No. 2:23-cv-07962<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1331, 1441 AND 1446]** |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, Defendants Aramark Uniform & Career Apparel, LLC, Aramark Uniform & Career Apparel Group, Inc. (collectively "Aramark") and Defendant Vardan Ketsoyan (collectively with Aramark, Defendants) hereby remove the above-captioned action from the Superior Court of the State of California in and for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because diversity of citizenship exists and the amount in controversy exceeds $75,000. In support of this removal, Defendant states the following:

On August 2, 2023, Plaintiff Seyran Avetisyan ("Plaintiff") filed a complaint in the Superior Court of the State of California in and for the County of Los Angeles, entitled *Seyran Avetisyan v. Aramark Uniform & Career Apparel, LLC, et al.*, Case No. 23-CVCV-0011983 (the "Complaint"), against Defendants, alleging causes of action for: (1) failure to pay overtime compensation; (2) failure to pay minimum wage; (3) failure to provide meal periods; (4) failure to provide rest breaks; (5) failure to pay wages due upon termination; waiting time penalties; (6) failure to issue accurate and itemized wage statements; (7) failure to indemnify; (8) unlawful business practices in violation of California Business and Professions Code 17200, *et seq*.

I.     **TIMELY REMOVAL**

1.     On August 23, 2023, Plaintiff served the Complaint and Summons on Defendant Aramark. A true and correct copy of the Complaint, Summons, and Civil Case Cover Sheet is attached as **Exhibit A** and is incorporated by reference.

2.     Plaintiff served the individually named defendant Vardan Ketsoyan on August 25, 2023, attached as **Exhibit B**.

3. The documents attached hereto as **Exhibit C** constitute all the process, pleadings, and orders filed in this action in the Superior Court of the State of California for the County of Los Angeles.

4. This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b) (requiring notice of removal to be filed within thirty (30) days of service of the complaint). Thirty days from August 23, 2023, is September 22, 2023. Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint, it is timely under 28 U.S.C. §§ 1446(b) and 1453.

5. No previous Notice of Removal has been filed or made with this Court for the relief sought.

## II. DIVERSITY JURISDICTION EXISTS

6. This action is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332. Removal to this Court is proper under the provisions of 28 U.S.C. §§ 1441(a) and (b) because the action involves citizens of different states and the amount in controversy exceeds $75,000.[1]

### A. Complete Diversity of Citizenship Exists Between the Parties.

7. A case may be heard in federal court under diversity jurisdiction if there is complete diversity, *i.e.*, all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332(a). A defendant may remove an action to federal court under 28 U.S.C. § 1332 provided no defendant is a citizen of the same state in which the action was brought. 28 U.S.C. § 1441(a)–(b). Here, all requirements are met because the Plaintiff is a citizen of California, Defendants are citizens of Delaware and Philadelphia, and individual defendant Vardan Ketsoyan is a "sham" defendant.

### B. Plaintiff is a Citizen of California.

8. "An individual is a citizen of the state in which he is domiciled . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing

---

[1]Defendants address the amount in controversy purely for removal purposes, and do not admit that they are liable for any damages whatsoever.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL

*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time the lawsuit is filed.  *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

9.    Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).  Once the removing party produces evidence supporting that presumption, the burden shifts to the other party to come forward with contrary evidence, if any, in order to dispute domicile.  *Id.*

10.    In his Complaint, Plaintiff alleges that: "Plaintiff was a resident of the County of Los Angeles, State of California[.]"  Exh. A, Compl., ¶ 1.

11.    Plaintiff does not allege any alternative states of citizenship and does not state any facts that would support Plaintiff being a citizen of Delaware or Philadelphia.

**C.    Defendants Aramark Uniform & Career Apparel, LLC, and Aramark Uniform & Career Apparel Group, Inc. are Citizens of Delaware and Philadelphia.**

12.    For diversity purposes, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

13.    Aramark Uniform & Career Apparel, LLC is composed of a single member: Aramark Uniform & Career Apparel Group, Inc.  (Declaration of James Harrison ("Harrison Decl.") ¶ 3).  Aramark Uniform & Career Apparel Group, Inc. is a Delaware corporation with its principal place of business—*i.e.*, its nerve center and headquarters—in Philadelphia.  *Id.* at ¶ 6.  As a result, Defendants Aramark Uniform & Career Apparel, LLC and Aramark Uniform & Career Apparel Group, Inc. are citizens of the States of Delaware and Philadelphia.  See 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

**D.    Doe Defendants Are Irrelevant for Purposes of Removal.**

14.    The Complaint also names as defendants "DOES 1 through 100,

inclusive."  The citizenship of fictitious "Doe" defendants, however, is disregarded for removal purposes.  28 U.S.C. § 1441(a); *see also Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

### E. Vardan Ketsoyan Is a "Sham" / Fraudulently Joined Defendant and His Citizenship Is Disregarded for Purposes of Removal.

15.  Under § 1441(b), actions are removable if, "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  Plaintiff apparently attempts to avoid removal by improperly naming Vardan Ketsoyan ("Ketsoyan"), a citizen of California, as an individual Defendant.

16.  The citizenship of Ketsoyan should be disregarded because he was improperly and fraudulently joined in this action because none of the claims alleged in this action can be brought against him as a matter of law.  *See McCabe*, 811 F.2d at 1339.  As the Ninth Circuit stated in *McCabe*, "[f]raudulent joinder is a term of art.  If the Plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."  *Id.* at 1339.  The issue in a fraudulent joinder determination is "whether the plaintiff truly had a cause of action against the alleged sham defendant[]," not merely whether a nominal cause of action has been stated.  *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998) (citations omitted).  In addition, "[t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent" in order to determine "whether the plaintiff truly ha[s] a cause of action against the alleged sham defendants."  *Ritchey*, 139 F.3d at 1318.

17.  Here, Plaintiff's claims are not claims where individuals typically can be held personally liable.  Rather, Plaintiff's wage-and-hour claims are, in almost all cases, brought exclusively against the employee's current or former employer. In only very limited circumstances, an employee may sue an individual defendant

for alleged wage-and-hour violations under California Labor section 558.1(a). Specifically, Section 558.1 states:  "(a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. (b) For purposes of this section, the term "other person acting on behalf of an employer" is *limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code*." (emphasis added). Under Civil Code section 3294(b), managing agents are employees who "exercise substantial independent authority and judgment in their corporate decision-making so that *their decisions ultimately determine corporate policy*." *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 566-67 (Cal. 1999) (emphasis added); *see also Roby v. McKesson Corp.*, 47 Cal. 4th 686, 714-15 (2009) (to be a managing agent under Civil Code section 3294, an employee must exercise discretion over "formal policies that affect a substantial portion of the company and that are the type likely to come to the attention of corporate leadership."); *Cruz v. HomeBase*, 83 Cal. App. 4th 160, 168 (2000) (security supervisor who supervised employees was not a managing agent of corporation).

18.    To establish individual liability as to Ketsoyan under Labor Code § 558.1, Plaintiff must be able to establish that Ketsoyan is "an owner, director, officer, or managing agent" of Aramark.  Here, Plaintiff has fraudulently joined Ketsoyan as a "sham" defendant whose citizenship should be ignored for determining diversity of citizenship. The only facts alleged as to Ketsoyan are that he is "a Sales Manager" and that he was "acting on behalf of Defendants".  *See* Compl. ¶¶ 5 – 6.  Those allegations fail to meet the standard required for imposing individual liability on Ketsoyan under Section 558.1.  Plaintiff's primary claim is

that he was misclassified as exempt, however, he does not allege (nor can he) that Ketsoyan made the corporate policy decision to classify Plaintiff as exempt. Further, Ketsoyan has confirmed that he is employed as a Sales Manager and is not "an owner, director, officer, or managing agent" of Aramark. *See* Ketsoyan Decl. ¶¶ 2 - 4. Ketsoyan did not have any authority to set or determine corporate policy nor did he have authority over or involvement in the decision to classify Plaintiff as exempt or non-exempt. *Id.* Ketsoyan cannot be held personally liable on Plaintiff's claims. *See, e.g.*, *Nguyen v. Ericsson, Inc.*, No. 5:17-cv-06453-EJD, 2018 WL 2836076, at *4 (N.D. Cal. June 11, 2018) (finding individual defendant was not a "managing agent" even though plaintiff alleged that the individual defendant oversaw the location where the plaintiff worked and supervised the daily work of employees); *Razo v. TIMEC Co., Inc.*, No. 15-CV-03414-MEJ, 2017 WL 5079249, at *18-19 (N.D. Cal. Nov. 3, 2017) (finding supervisor was not a managing agent because no evidence of substantial discretionary authority over corporate policy, even though the employee oversaw operations at several California facilities, as well as two facilities in Utah, his job covered operations, support, safety, profit and loss accounts, and general oversight, and he was the highest level corporate executive in Northern California); *Muniz v. United Parcel Serv., Inc.*, 731 F. Supp. 2d 961, 976-77 (N.D. Cal. 2010) (finding operations manager was not a managing agent, even though the manager supervised thousands of employees, because there was no evidence that the manager possessed discretion in making decisions that ultimately determined corporate policy)

19. For these reasons, Ketsoyan is a fraudulently joined sham defendant and his citizenship should be disregarded for purposes of determining diversity citizenship. As such, because Plaintiff is a citizen of California and Aramark Uniform & Career Apparel, LLC, and Aramark Uniform & Career Apparel Group, Inc. are citizens of Delaware and Philadelphia, complete diversity of citizenship exists.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

7                                          NOTICE OF REMOVAL

### a.   The Amount in Controversy Exceeds $75,000.

20.    While Defendants deny any and all liability to Plaintiff, based on a conservative good faith estimate of the value of the alleged damages in this action, the amount in controversy for Plaintiff's claims exceeds the sum or value of $75,000, exclusive of interest and costs. The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.  Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.*, quoting H.R. Rep. No. 112–10, p. 16 (2011).

21.    In determining whether a complaint meets the $75,000 threshold amount in controversy set forth in 28 U.S.C. § 1332(a), courts are to consider the aggregate amount of the claims and value of the claims.  *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011) (diversity statute confers jurisdiction over entire action, not just specific claims alleged in complaint, and, therefore, claims of a plaintiff are aggregated in order to satisfy amount in controversy).  The fact that a complaint fails to specify the total amount of damages in a dollar amount does not deprive a court of jurisdiction. *See Banta v. Am. Med. Response Inc.*, 2011 WL 2837642, at *4 (C.D. Cal. July 15, 2011) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining to place a specific dollar claim upon its claim").

22.    In the Complaint, Plaintiff alleges that Aramark failed to pay overtime compensation, failed to pay minimum wage, failed to provide meal periods, failed to provide rest breaks, failed to issue accurate and itemized wage statements, failed to pay wages due upon termination, failed to indemnify, and engaged in unlawful

business practices, which in the aggregate places more than $75,000 in controversy.

### (1) Plaintiff's Overtime Claim Places at Least $38,070 in Controversy.

23. In the Complaint, Plaintiff alleges that Aramark failed to pay him for overtime hours worked in excess of eight (8) hours per day and forty (40) hours per week and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek. Compl., ¶ 21. Plaintiff further alleges that "during the time in which Plaintiff was wrongfully misclassified as an exempt employee he worked an average of ten (10) hours of overtime per week for which he received no payment." *Id.*, ¶ 23. Plaintiff alleges that his salary equates to an hourly rate of $25.38. *Id.*, ¶ 10.

24. The statute of limitations for overtime claims is four years. *See Fenglin Zhang v. Aicem Grp., LLC*, No. 13-CV-1342 KAW, 2014 WL 12678026, at *9 (N.D. Cal. Jan. 28, 2014) ("UCL embraces claims for unpaid overtime compensation, which are subject to a four-year statute of limitations under the statute."). However, Plaintiff was employed by Aramark "from approximately July 20, 2020, to October 28, 2022. *Id.*, ¶ 4. This period equals approximately 117 workweeks. For purposes of the calculations, it is reasonable to assume that Plaintiff worked 100 workweeks.

25. Based on Plaintiff's allegations, Plaintiff's unpaid overtime claim places approximately **$38,070.00** in controversy (Plaintiff's average hourly rate of $25.38 x 1.5 overtime premium) x 10 hours per week x 100 workweeks).

### (2) Plaintiff's Meal Break Claim Places at Least $10,152 in Controversy.

26. In the Complaint, Plaintiff alleges that "Plaintiff was not allowed to take meal breaks during his shifts. Even if Defendants nominally permitted Plaintiff to take meal breaks, Plaintiff was unable to avail himself of such breaks for various reasons . . . Plaintiff's work was too voluminous and time-consuming to complete in the number of schedules hours." Compl., ¶ 37. Plaintiff further alleges that

"Plaintiff missed at least five (5) meal periods per week . . . given the voluminous nature of his work, understaffing, and/or pressure from management to complete his work within his scheduled hours." *Id.* at ¶ 12.

27.    Under California law, employers must "provide" their employees with a 30-minute, uninterrupted meal period before the end of the fifth hour of work. Cal. Lab. Code §512.  If an employer fails to provide a meal break, then the employer must pay the employee a premium wage equal to one hour of pay for each non-compliant break.  Cal. Lab. Code § 226.7; *Brinker v. Superior Court*, 53 Cal. 4th 1004 (2012).

28.    Based upon Plaintiff's allegations, Plaintiff seeks a minimum of 5 hours of premium pay for meal periods per workweek.  Compl., ¶ 12. As such, the amount in controversy as to Plaintiff's meal period claim based on Plaintiff's allegations is approximately **$10,152.00** assuming only 4 hours of premium pay for meal periods per workweek (Plaintiff's average hourly rate of $25.38 average hourly rate x 4 hours of premium pay per workweek x 100 workweeks).

### (3)    Plaintiff's Rest Break Claim Places at Least $10,152 in Controversy.

29.    In the Complaint, Plaintiff alleges that "Plaintiff was prevented from taking statutorily mandated rest breaks during Plaintiff's shifts. Plaintiff was unable to avail himself of such breaks for various reasons, including but not limited to, the pressures from Plaintiff's workload and from management to take shorter breaks than he was entitled to, or none at all."  Compl., ¶ 42.  Plaintiff further alleges that "Plaintiff missed at least . . . five (5) rest breaks per week[.]" Compl., ¶ 12.

30.    Under California law, employers must "authorize and permit" employees to take a 10-minute, uninterrupted rest period for every four hours worked or major fraction thereof.  Cal. IWC Wage Order 9-2001, § 12.  If an employer fails to provide a rest break, then the employer must pay the employee a premium wage equal to one hour of pay for each non-compliant break.  Cal. Labor

Code §226.7; *Brinker v. Superior Court*, 53 Cal. 4th 1004 (2012).

31. Based upon Plaintiff's allegations, Plaintiff seeks a minimum of 5 hours of premium pay per workweek for alleged missed rest breaks. Even assuming only 4 hours of premium pay per workweek puts approximately **$10,152.00** in controversy (Plaintiff's average hourly rate of $25.38 average hourly rate x 4 hours of premium pay per workweek x 100 workweeks).

**(4) Plaintiff's Waiting Time Penalties Claim Places at Least $6,091 in Controversy.**

32. In the Complaint, Plaintiff alleges that "he was not compensated all due wages at the time of his separation as Defendants wrongfully misclassified Plaintiff as exempt from overtime laws." Compl., ¶ 50. "Pursuant to Labor Code § 203, Plaintiff is entitled to thirty (30) days' worth of wages as a penalty, plus attorney's fees, calculated against Defendants by multiplying their daily rate of pay by thirty (30) days." *Id.*, ¶ 53.

33. Based upon Plaintiff's allegations, he seeks the following amount in waiting time penalties: **$6,091.20** ($25.38 (final pay rate) x 8 hours a day x 30 days).

**(5) Plaintiff's Claim for Failure to Issue Accurate Itemized Wage Statements Places $4,000 in Controversy.**

34. Plaintiff alleges that Defendants failed to provide Plaintiff with "accurate wage statement and records, including but not limited to pay stubs recording all hours worked, paychecks representing all wages earned, wage statements or itemized stubs showing hourly wage, (or piece meal rate), tips, overtime, bonus, vacation, as well as any employment deductions for all hours worked." Compl., ¶ 56. Plaintiff further alleges that he is "due a maximum of $4,000.00 as non-taxed penalties and restitution, plus cost and attorney's fees, for pay periods in which Defendants have failed to comply with Labor Code § 226 and for up to one year from the date of filing this action." *Id.*, ¶ 60.

35. Based upon Plaintiff's allegations, his claim for failure to issue

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL

accurate itemized wage statements places **$4,000.00** in controversy.

### (6) Plaintiff's Claim for Attorneys' Fees Places at Least $50,000 in Controversy.

36. Plaintiff seeks to recover attorneys' fees.  Prayer for Relief, ¶ 7. Attorneys' fees are properly included in determining the amount in controversy if the law under which the plaintiff has brought suit allow for their recovery.  *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles [the plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy."); *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016)) ("The amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.'").

37. Defendants reasonably assume that Plaintiff's counsel's fees through trial could reach or exceed $50,000.  Defendants make the conservative assumption that Plaintiff's counsel's rate is at least $400 per hour on average and that they would spend at least 120 hours litigating Plaintiff's claims through trial.  *See, e.g., Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (finding that attorneys spend in the range of 100 to 300 hours on employment cases).  Accordingly, attorney's fees will likely add at least another $50,000 to the amount in controversy.

38. Based on the foregoing calculations, the minimum total amount placed in controversy by Plaintiff's claims are as follows:

| Claim | Amount in Controversy |
| --- | --- |
| Overtime | **$38,070.00** |
| Meal Breaks | **$10,152.00** |

| Rest Breaks | $10,152.00 |
|---|---|
| Waiting Time Penalties | $6,091.20 |
| Inaccurate Wage Statements | $4,000.00 |
| Attorneys' Fees | $50,000.00 |
| **TOTAL:** | **$118,465.20** |

## III.   THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

39.   As set forth above, this Notice of Removal is filed within thirty (30) days of service of process on Aramark.

40.   Venue is proper in this district pursuant to 28 U.S.C. § 1441(a), because this district embraces the county in which the removed action has been pending.

41.   Defendants will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d)

42.   If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, pursuant to these statutes and in accordance with the procedures set forth in 28 U.S.C. § 1446, Defendants pray that the above-captioned action pending in the Superior Court of the State of California in and for the County of Los Angeles be removed to the United States District Court for the Central District of California, and that all future proceedings in this matter take place in the United States District Court for the Central District of California

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL

Dated:        September 22, 2023        MORGAN, LEWIS & BOCKIUS LLP

By:      /s/ Eric Meckley
Eric Meckley
Sarah Zenewicz
Grace Johnson

Attorneys for Defendant
ARAMARK UNIFORM & CAREER
APPAREL, LLC; ARAMARK
UNIFORM & CAREER APPAREL
GROUP, INC. and VARDAN
KETSOYAN