UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-07962-RGK-AGR | Date | October 24, 2023 |
|---|---|---|---|
| Title | *Seyran Avetisyan v. Aramark Uniform & Career Apparel, LLC, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On August 2, 2023, Seyran Avetisyan ("Plaintiff") sued in state court Aramark Uniform & Career Apparel, LLC, Aramark Uniform & Career Apparel Group, Inc., and Vardan Ketsoyan (collectively, "Defendants"), alleging violations of state wage and hour laws and unfair business practices. On September 22, 2023, Defendants timely removed the action to this Court on the basis of diversity jurisdiction. On September 29, 2023, the Court issued an Order to Show Cause as to whether the amount in controversy requirement was met. (ECF No. 12.) On October 5, 2023, Defendants filed their Response. (ECF No. 13.)

The Court has considered the Response and finds that Defendants have failed to satisfy their burden of showing that the amount in controversy requirement was met. In the Response, Defendants argue that the Court must add to any amounts previously considered as proper amount in controversy the additional amounts of: (1) $16,570 in liquidated damages for Plaintiff's unpaid minimum wage claim, and (2) $50,000 in attorneys' fees. The Court disagrees.

First, Plaintiff is not entitled to liquidated damages unless he shows he was paid less than minimum wage. Cal. Lab. Code § 1194.2; *Sillah v. Command Int'l Sec. Servs.*, 154 F. Supp. 3d 891, 914 (N.D. Cal. 2015). Here, Plaintiff alleges he was paid $52,800 per year while working an average of fifty hours per week (forty hours paid, ten hours unpaid). By this calculation, Plaintiff was paid about $20.31 per hour,[1] which exceeds the minimum wage for all periods at issue. Since there is no indication that Plaintiff was paid less than the minimum wage for any period, no liquidated damages should be included in the amount in controversy.

---

[1] $52,800 divided by 52 weeks, further divided by 50 hours per week.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-07962-RGK-AGR | Date | October 24, 2023 |
|---|---|---|---|
| Title | *Seyran Avetisyan v. Aramark Uniform & Career Apparel, LLC, et al.* | | |

Second, Defendants' calculation of $50,000 in attorneys' fees is too speculative to be included in the amount in controversy. Although courts "must include future attorneys' fees recoverable by statute or contract," a defendant "retains the burden . . . of proving the amount of future attorneys' fees by a preponderance of the evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 788 (9th Cir. 2018). Here, Defendants calculate $50,000 in attorneys' fees based on a "very conservative" estimate of 125 hours of work at a rate of $400 per hour, citing other cases where courts have found such fees for work through trial a reasonable estimate. *See, e.g., Baker v. Tech Data Corp.*, 2022 WL 1080944, at *2 (C.D. Cal. Apr. 11, 2022). Even so, Defendants failed to show why such fees would be a reasonable estimate *in this case*. In the Court's experience, cases like this often settle well before trial. Examples of attorneys' fees from other cases, which resulted in full jury trials, do not constitute evidence of fees to be incurred in this case. Without more evidence, the Court declines to speculate as to what Plaintiff's attorneys' fees might be.

Excluding the liquidated damages and attorneys' fees, Plaintiff's remaining claims sum up to only $68,465.20, falling short of the amount in controversy required for diversity jurisdiction. Accordingly, the Court **REMANDS** this action to state court for all further proceedings.

**IT IS SO ORDERED.**

cc: Los Angeles Superior, 23CHCV02307

|  | : |
|---|---|
| Initials of Preparer | JRE/dc |